```
                UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT CHARLESTON
```

**RICHARD D. MURRAY, Sr.,**

    Plaintiff

v.                                         CIVIL ACTION NO. 2:05-796

**STATE OF WEST VIRGINIA,
DARRYL V. MCGRAW, JAMES E.
RUBENSTEIN, WILLIAM S. HAINES,
THE HONORABLE GRAY SILVER, and
THE HONORABLE CHRISTOPHER WILKES,**

    Defendants

## MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff's objection, filed October 12, 2005, to the standing order referring this case to the United States Magistrate Judge.

In the complaint, plaintiff seeks a preliminary injunction and temporary restraining order against the defendants. Generally, plaintiff seeks reversal of his conviction contesting the constitutionality of West Virginia Code § 17C-5-2 and 17C-5A-1(a), which address driving under the influence of alcohol, controlled substances, or drugs.

In his objection, plaintiff contends he is entitled to proceed in district court under the standing order entered in this case and the local rules of prisoner litigation procedure, neither

of which specifically refer actions brought pursuant to 28 U.S.C. § 2403(b)[1] to a United States magistrate judge.

Plaintiff's objection is without merit. Under 28 U.S.C. § 636(b)(1)(B), a judge may designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement. Subparagraph (A) of that section excepts a motion for injunctive relief. As this plaintiff is seeking injunctive relief in his complaint, the referral of this matter to the magistrate judge is appropriate under 28 U.S.C. §636(b)(1)(B).

Moreover, the standing order entered in this case pursuant to 28 U.S.C. §636 refers to a United States magistrate judge for total pretrial management and submission of proposed findings and recommendations "actions filed by persons, who are

---

[1]Section 2403(b) pertains to government notice and does not confer any substantive right upon the plaintiff. That section provides that "in any action, suit, or proceeding, in a court of the United States to which a state or any agency, officer or employee thereof is not a party, wherein the constitutionality of any statute of that State affecting the public interest is drawn in question, the court shall certify such fact to the attorney general of the State, and shall permit the State to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality."

proceeding pro se, whether or not they are in custody, until such person is represented by retained counsel."  Contrary to plaintiff's contentions, under the standing order it is immaterial under which section a pro se plaintiff proceeds.

      For the foregoing reason, it is ORDERED that plaintiff's objection be, and it hereby is, denied.

      The Clerk is directed to forward copies of this memorandum opinion and order to the plaintiff and all counsel of record.

DATED: October 21, 2005

_____
John T. Copenhaver, Jr.
United States District Judge