IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

RICHARD D. MURRAY, SR.,

      Plaintiff,

v.                        Case No. 2:05-cv-00796

STATE OF WEST VIRGINIA ex rel.,
DARRELL V. MCGRAW, Attorney General,
JAMES RUBENSTEIN, Commissioner, Division
of Corrections, WILLIAM S. HAINES, Warden,
Huttonsville Correctional Center,
THE HONORABLE GRAY SILVER and THE HONORABLE
CHRISTOPHER WILKES, Judges of the 23rd Judicial Circuit,

      Defendants.

## PROPOSED FINDINGS AND RECOMMENDATION

On September 26, 2005, Plaintiff filed a "Notice and Motion for Preliminary Injunction; Temporary Restraining Order; Intervention By the United States for Constitutional Questions and Request for Expedited Evidentiary Hearing" (docket sheet document # 2), a "Petition and Affidavit for Leave to Proceed In Forma Pauperis" (# 1), and an "Application for Appointment of Counsel" (# 3). This matter has been referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 1915A, and notwithstanding any filing fee, the court must screen each case in

which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  On review, the court must dismiss the case if the complaint, petition or motion is frivolous, malicious, or fails to state a claim upon which relief can be granted.

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints.  Because it is "beyond doubt" that Plaintiff's Complaint fails to allege facts entitling him to relief, he should not be given an opportunity to offer evidence in support of his claims.  See, Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972).

## PLAINTIFF'S ALLEGATIONS AND REQUESTS FOR RELIEF

Plaintiff was apparently arrested on July 6, 2003, after he was found to be behind the wheel of a vehicle stopped in the middle of a public road in Berkeley County, West Virginia.  Plaintiff apparently informed the officer who approached the vehicle that he was "driving home." (# 2 at 32).  The officer detected a strong odor of alcohol on Plaintiff's breath and, consequently, conducted field sobriety tests, which Plaintiff failed.  Plaintiff refused to be tested on an Intoxilyzer. (Id.)

Plaintiff had previously been convicted of Driving Under the Influence ("DUI") on two occasions, and had also been convicted of Driving on a Revoked License. (Id.)  In West Virginia, a third

2

offense DUI is a felony offense with a penalty of a term of imprisonment of one to three years and a potential fine of $3,000 to $5,000.  See W. Va. Code § 17C-5-2(k).  Section 17C-5A-1a also provides for an administrative sanction of the revocation of the offender's driver's license.  See W. Va. Code § 17c-5A-1a.

Plaintiff's "Notice and Motion for Preliminary Injunction; Temporary Restraining Order; Intervention by the United States for Constitutional Questions and Request for Expedited Hearing" (hereinafter "Plaintiff's Motion for Preliminary Injunction") contends that the term "drive" as contained in sections 17C-5-2 and 17C-5A-1a of the West Virginia Code (hereinafter "the DUI statutes") is vague and that, consequently, the enforcement of those statutes violates Plaintiff's rights to due process and equal protection under the United States and West Virginia Constitutions. Under section 17C-5-2, the term "drive" requires an intentional movement of the vehicle by the defendant.  See State v. Taft, 102 S.E.2d 152 (W. Va. 1959).  Plaintiff contends that the statute does not warn that it can be applied when a person is in a "non-moving, stationary vehicle."  (# 2 at 12).

Specifically, Plaintiff states that the language of these statutes "fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute" and "encourages arbitrary and erratic arrests and convictions." (Id. at 16)(citing Papachristou v. City of Jacksonville, 405 U.S.

3

156, 162 (1972)). Plaintiff further challenges the State's selective enforcement of the DUI statutes over section 60-6-9 of the West Virginia Code (concerning Public Intoxication), which is a misdemeanor offense, and does not result in the administrative revocation of one's driver's license. (Id. at 14-15). Plaintiff asks this court to restrain the defendants from enforcing the Plaintiff's DUI convictions and order Plaintiff's immediate release from incarceration pending a hearing on his Motion for Preliminary Injunction. (Id. at 22-23).

## ANALYSIS

A district court may dismiss a matter at any time if it appears that the court lacks subject matter jurisdiction. See, e.g., Linville v. Price, 572 F. Supp. 345 (S.D. W. Va. 1983). In the instant case, the District Court should abstain from exercising subject matter jurisdiction over Plaintiff's claim under the "Younger-abstention doctrine," as defined in Younger v. Harris, 401 U.S. 37 (1971). "Under [the] Younger-abstention doctrine, interests of comity and federalism counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests." Hawaii Housing Auth. v. Midkiff, 467 U.S. 229, 237-38 (1984).

The Fourth Circuit has instituted a three-part test for determining when Younger abstention is appropriate: "(1) there is

4

an ongoing state judicial proceeding, (2) the proceeding implicates important state interests, and (3) there is an adequate opportunity to present the federal claims in the state proceeding." Employers Resource Mgmt. Co., Inc. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995).

In Huffman v. Pursue Ltd., 420 U.S. 592, 609 (1975), the United States Supreme Court "applied Younger to bar a federal action, even when the state court proceedings had ended by the time the federal complaint was filed, so long as the federal complaint was designed 'to annul the results of a state trial.'" Moore v. City of Ashville, North Carolina, 396 F.3d 385, 394 (4th Cir. 2005). The Huffman court stated:

> there has long existed a strong judicial policy against federal interference with state criminal proceedings. We recognized that this judicial policy is based in part on the traditional doctrine that a court of equity should stay its hand when a movant has an adequate remedy at law, and it "particularly should not act to restrain a criminal prosecution." Id. at 43, 91 S. Ct., at 750. But we went on to explain that this doctrine "is reinforced by an even more vital consideration," an aspect of federalism which we describe as "the notion of 'comity,'" that is, a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." Id., at 44, 91 S. Ct. at 750.
>
> * * *
>
> [The relevant considerations of federalism] counsel more heavily toward federal restraint, since interference with a state judicial proceeding prevents the state not only from effectuating its substantive policies, but also from

5

> continuing to perform the separate function of providing a forum competent to vindicate any constitutional objections interposed against those policies. Such interference also results in duplicative legal proceedings, and can readily be interpreted "as reflecting negatively upon the state courts' ability to enforce constitutional principles."

420 U.S. at 600-601, 604.

While Congress has provided an avenue for federal review of State criminal prosecutions through the filing of habeas corpus petitions under 28 U.S.C. § 2254, a criminal defendant must first exhaust all available State court and administrative remedies before filing such a petition. The record does not indicate whether Plaintiff has exhausted such remedies, and that is not the issue before this court.

The undersigned proposes that the presiding District Judge **FIND** that Plaintiff's Motion for a Preliminary Injunction is designed to annul the results of a State trial and, therefore, this court should abstain from consideration of Plaintiff's motion under the Younger-abstention doctrine.

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Plaintiff's "Motion for a Preliminary Injunction; Temporary Restraining Order; Intervention by the United States for Constitutional Questions and Request for Expedited Evidentiary Hearing" (# 2), as well as his Application to Proceed in forma pauperis (# 1), and his Application for Appointment of Counsel (# 3), and **DISMISS** this action with

prejudice.

Plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(a), Federal Rules of Civil Procedure, Plaintiff shall have three days (mailing/service) and then ten days (filing of objections), from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of this "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Copenhaver and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff.

_____October 24, 2005_____
               Date

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge